IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK ALLEN VIRTUE,

                                        Civil No. 08-569-MO

         Petitioner,

    v.

NANCY HOWTON,

                                        OPINION AND ORDER

         Respondent.

         Thomas J. Hester
         Assistant Federal Public Defender
         101 S.W. Main Street, Suite 1700
         Portland, Oregon 97204

              Attorney for Petitioner

         John R. Kroger
         Attorney General
         Kristen E. Boyd
         Assistant Attorney General
         Department of Justice
         1162 Court Street NE
         Salem, Oregon 97310

              Attorneys for Respondent

///

         1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state convictions for Sexual Abuse in the First Degree. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

<u>**BACKGROUND**</u>

On May 7, 2003, petitioner was indicted by the Yamhill County Grand Jury on five counts of Sexual Abuse in the First Degree based on his conduct with his daughter's eight-year-old friend. Respondent's Exhibit 102. "When police authorities advised the defendant the victim had told them he had sexually touched her between twelve and fifteen times on her vaginal area over the past couple of months, he responded that may be correct and shook his head yes." Respondent's Exhibit 113, p. 2. Petitioner's daughter told police that she had observed her father touch the victim in this manner approximately 10 times. *Id.*

The State offered to drop three of the five charges if petitioner pled guilty to two of the counts of Sexual Abuse in the First Degree. Faced with five serious charges, adverse witness statements, and his own inculpatory statements, petitioner elected to accept the plea offer. Respondent's Exhibit 103. On August 13, 2003, the trial court imposed mandatory minimum sentences of 75 months on each count, and ran 50 months of the second conviction

2 - OPINION AND ORDER

consecutively to the first.  The remaining 25 months were to be served concurrently.  Respondent's Exhibit 104, p. 15.

Petitioner did not take a direct appeal, and instead proceeded to file a petition for post-conviction relief ("PCR") in Marion County with the assistance of counsel.  The PCR trial court denied relief on all of petitioner's claims.  Respondent's Exhibits 116, 117.  The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review.  *Virtue v. Howton*, 217 Or. App. 428, 175 P.3d 1028, *rev. denied*, 344 Or. 401, 182 P.3d 201 (2008).

Petitioner filed this habeas action on May 22, 2008 in which he raises a variety of ineffective assistance of counsel claims. Respondent, after withdrawing a procedural default argument, asks the court to deny relief on the Petition because petitioner's claims were properly denied on the merits.

## DISCUSSION

### I.   Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A

3 - OPINION AND ORDER

state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413.  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410.  The state court's application of clearly established law must be objectively unreasonable.  *Id* at 409.

## II.  Unargued Claims

In his briefing, petitioner argues only that counsel was ineffective during sentencing when he failed to object to the imposition of partially consecutive sentences by the trial court. There are additional claims of ineffective assistance of counsel in the *pro se* Petition which petitioner has not supported with any

4 – OPINION AND ORDER

briefing.   The court has nevertheless reviewed petitioner's unargued claims on the existing record and determined that they do not entitle him to relief.  *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.");  *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

## III.  Ineffective Assistance of Counsel: Failure to Object at Sentencing

In Oregon, consecutive sentences are proper only in certain circumstances, including "criminal offenses that do not arise from the same continuous and uninterrupted course of conduct." ORS 137.123(2).   According to petitioner, his case offered no factual basis to support the imposition of consecutive sentences under ORS 137.123, and he further asserts that the trial court did not make any specific findings to justify such a sentence.   He therefore faults counsel for failing to object to the trial court's imposition of consecutive sentences on the basis that they were not statutorily justified.

The Ninth Circuit has concluded that a habeas corpus petitioner cannot prevail on an ineffective assistance of counsel claim arising out of a non-capital sentencing proceeding because there is no clearly established federal law on point.  *Davis v.*

5 - OPINION AND ORDER

*Grigas*, 443 F.3d 1155, 1158 (2006); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2004); *see also Moses v. Payne*, 555 F.3d 742, 754-55 (9th Cir. 2009) (where no Supreme Court decision squarely addresses an issue, § 2254(d)(1) bars relief). However, even assuming that the Supreme Court's traditional test for ineffective assistance of counsel applies to non-capital sentencing proceedings, petitioner is not entitled to relief.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009).

6 - OPINION AND ORDER

The PCR trial court issued a lengthy and well-reasoned decision in which it determined that petitioner had admitted to the facts necessary to impose consecutive sentences pursuant to ORS 137.123. Respondent's Exhibit 116, pp. 5-6. Specifically, the court looked to the Indictment which "alleged that petitioner committed the acts charged 'as part of a separate but similar act or transaction alleged in the above count.'" *Id* at 5. The court therefore reasoned that, "by virtue of petitioner's guilty plea, he admitted that each of his two crimes was a separate act." *Id.* Quoting *State v. Upton*, 339 Or. 673, 687 (2005), the PCR trial court found that "the language in the indictment states that the crimes were separate acts 'is, in effect, a "material element" of the charged offense, which a criminal defendant can require the State to prove to a jury beyond a reasonable doubt.'" *Id* at 6.

Petitioner contends that this court should not allow the State to argue the position of the PCR trial court because the State is currently taking the opposite position in another habeas corpus appeal pending in the Ninth Circuit. Whether the State argues this point or not, the PCR trial court reasoned that the language in the Indictment permitted the criminal trial court to impose consecutive sentences under Oregon law, leading the PCR trial court to conclude that petitioner did not suffer from ineffective assistance of counsel. It is this decision which is the subject of this habeas review, and the court cannot ignore it through estoppel.

7 - OPINION AND ORDER

At the heart of petitioner's argument is a disagreement with PCR trial court over an interpretation of state law. Specifically, he directs this court's attention to an appellate decision (issued four years prior to *Upton*) where the Oregon Court of Appeals determined that allegations in an indictment of "separate but similar acts" were not material elements of an offense. *State v. Bush*, 174 Or. App. 280, 291 (2001). While petitioner disagrees that *Upton* rejected *Bush* in this regard, it is not up to a federal habeas court to disagree with a state court's interpretation of state law. *See Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir. 2000) ("a federal court is bound by the state court's interpretations of state law.") (*citing Wainwright v. Goode*, 464 U.S. 78, 84 (1983)); *see also Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) (state courts are the ultimate expositors of state law); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state court has the last word on the interpretation of state law.") (citing *McSherry v. Block*, 880 F.2d 1049, 1052 (9th Cir. 1989)).

Because the PCR trial court, relying on the Oregon Supreme Court's decision in *Upton*, determined that imposition of consecutive sentences was proper pursuant to ORS 137.123, counsel was not under a duty to object. For this reason, and because there

is no clearly established federal law for claims of attorney error during a non-capital sentencing, the PCR trial court's decision is neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#) 2 is DENIED.  The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this   7     day of January, 2010.


               /s/Michael W. Mosman   
                  Michael W. Mosman
                  United States District Judge

9 - OPINION AND ORDER